# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA P., <br><br>  Plaintiff, <br><br>  v. <br><br> LELAND DUDEK, Acting Commissioner of Social Security, <br><br>  Defendant. | Case No. 2:23-cv-02658-SPG-RAO <br><br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation (ECF No. 18 ("Report")) of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the Commissioner's decision denying disability benefits be affirmed. Plaintiff contends that the Administrative Law Judge ("ALJ") failed to state clear and convincing reasons, with the support of substantial evidence, for rejecting Plaintiff's testimony about her symptoms. *See* (ECF No. 19 ("Objection")). For the following reasons, Plaintiff's objections to the Report do not warrant a change to the Magistrate Judge's findings or recommendation.

Plaintiff objects that the ALJ could "not rely solely on lack of objective findings to discredit [her allegations of] pain." (*Id.* at 3). However, as the Report correctly stated, "[a]lthough lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." (Report at 6-7 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Plaintiff further argues that the ALJ's additional reasons for discrediting her pain "are [not] supported" by the record. (Objection at 3). However, there were other well-supported reasons identified in the Report, as discussed below. *See* (Report at 5-13).

Plaintiff objects that the ALJ improperly used evidence of daily activities to discredit Plaintiff's testimony because "there was no explanation as to how any of these [activities of daily living] relate to work activities" or how they were "transferable to a work setting." (Objection at 3, 4). But an ALJ is not required to find such activities relate or are transferable to a work setting in order to discount a claimant's testimony. Rather, evidence of such activities, even if not necessarily transferable to a work setting, permitted the ALJ's reasonable inference that Plaintiff's testimony magnified the extent of her symptoms. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) ("The ALJ recognized that this evidence did not suggest [the claimant] could return to his old job . . . , but she thought it did suggest that [the claimant's] later claims about the severity of his limitations were exaggerated."); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination.").

Here, the ALJ reasonably found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms" were "not entirely consistent" with the record's evidence—including a "function report" completed by Plaintiff—that demonstrated she was able to prepare meals, do household chores,

take care of her husband and children, leave the house daily, shop, manage finances, and interact with family and friends. *See* (ECF No. 9-3 at 26-27).

Plaintiff also objects that evidence of her past alcohol and drug use was an irrelevant factor to the analysis of her testimony. (Objection at 4). This objection, however, does not meaningfully refute the Report's ultimate conclusion that "[t]here is sparse Ninth Circuit case law on this exact issue" and that this factor did not have a significant role in the Report's analysis of the ALJ's assessment of Plaintiff's testimony, given the presence of other meritorious reasons. (Report at 9).

Plaintiff argues that the ALJ provided "no discussion as to why he believes there [was] exaggeration of symptoms [by Plaintiff] or the extent of such exaggeration." (Objection at 4). To the contrary, the ALJ adequately discussed this finding. Specifically, the ALJ explained that, during a mental health examination with Dr. Chronister, the doctor concluded that Plaintiff "appeared to be exaggerating her symptoms at times" and that there "were no significant findings upon examination other than [Plaintiff] was exaggerating her symptoms and she was agitated." (ECF No. 9-3 at 25); *see also* (ECF No. 9-73 at 104). The ALJ also cited Dr. Chronister's evaluation findings as exhibits. Thus. the ALJ reasonably concluded, based on the record, that Plaintiff magnified her symptoms, thereby discounting her subjective symptom testimony.

Plaintiff objects that the Report improperly tried to "fix" the ALJ's decision by pointing to evidence of exaggeration that the ALJ did not cite. (Objection at 4-5). The Report did cite evidence of symptom exaggeration found by physicians other than Dr. Chronister, *see* (Report at 9-10), even though the ALJ did not necessarily cite the findings of these other physicians. However, the Report's citation of this evidence was not improper. *See Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1005 n.3 (9th Cir. 2006) (rejecting a claimant's argument that the citation of evidence that supports the ALJ's position "is supplying a post-hoc rationalization for the ALJ's decision," even when the ALJ did not cite the evidence). Rather, the

3

Report's independent review of the record for evidence supporting or detracting from the ALJ's finding of symptom exaggeration fully comported with a federal court's duty of review under the substantial-evidence standard. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("To determine whether substantial evidence supports the ALJ's decision, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.").

Plaintiff objects that her conservative treatment was not a clear and convincing reason to discount her testimony. (Objection at 5). This objection, however, does not meaningfully undermine the Report's ultimate conclusion that Plaintiff's Humira injections may not have constituted conservative treatment, and that this factor did not have a significant role in the Report's analysis of the ALJ's assessment of Plaintiff's testimony, given the presence of other meritorious factors. (Report at 11).

Plaintiff objects that her noncompliance with treatment for her diabetes was not a clear and convincing reason for the ALJ to reject her testimony, given that there was no such finding of her noncompliance with treatment for her rheumatoid arthritis. (Report at 5). But Plaintiff cites no authority for the proposition that the ALJ's finding about treatment noncompliance for one of her conditions is somehow invalid or improper when such finding of noncompliance does not relate to or does not demonstrate treatment noncompliance for her other conditions. To be sure, an ALJ "must consider *all factors* that might have a significant impact on an individual's ability to work." *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) (emphasis in original and citation omitted). The record here, however, does not suggest that the ALJ ignored Plaintiff's rheumatoid arthritis. Rather, the ALJ found that Plaintiff's allegation of disabling symptoms was undermined by evidence of her active lifestyle. (ECF No. 9-3 at 26). Thus, Plaintiff's suggestion that the ALJ's analysis of Plaintiff's conditions was incomplete is unpersuasive.

//

In sum, Plaintiff's objections are overruled.

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) the decision of the Commissioner is affirmed.

Dated: March 31, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE